# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

STEVEN MARK HAYDEN, SR.,

    Plaintiff,

v.

COMMERCIAL LITIGATION DOCKET, et al.,

    Defendants.

Case No. 2:18-cv-02403-RFB-CWH

**ORDER**

    Presently before the court is defendant Gerald D. Colvin's motion to stay discovery and for a protective order (ECF Nos. 91, 92), filed on May 7, 2019. The motion is unopposed.

## I. BACKGROUND

    The parties are familiar with the facts of this case and the court will not repeat them here except as necessary. Colvin moves to stay discovery pending the court's decision on his motion to dismiss for insufficient service of process under Rule 12(b)(5) of the Federal Rules of Civil Procedure (ECF No. 79).[1] The motion also requests dismissal on other grounds, including lack of personal jurisdiction and failure to state a claim. Colvin argues that the motion to dismiss is dispositive regarding his participation in the case and presents key issues of the court's jurisdiction. Colvin also notes that Hayden has commenced serving written requests for admissions although the parties have not had a Rule 26(f) conference. Colvin met and conferred with Hayden regarding the procedural defects related to the premature requests for admissions, scheduling of a Rule 26(f) conference, and potentially staying discovery, but the parties were

---

[1] The motion to dismiss (ECF No. 79) is pending before the United States district judge assigned to this case and will be addressed in due course.

unable to reach an agreement on these issues. Finally, Colvin requests that the court exercise its inherent authority to impose monetary sanctions against Hayden for what Colvin argues is bad faith litigation conduct. Hayden did not oppose the motion, which constitutes a consent to the granting of the motion under Local Rule 7-2(d).

## II. DISCUSSION

Courts have broad discretionary power to control discovery, including the decision to stay discovery. *See e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). When evaluating whether to stay discovery, the court considers the goal of Rule 1 of the Federal Rules of Civil Procedure, which directs that the rule must be "construed and administered to secure the just, speedy, and inexpensive determination of every action." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 602 (D. Nev. 2011) (citation omitted). But the Rules do not provide for an automatic stay of discovery when a potentially dispositive motion is pending. *Id.* at 600–01. Thus, a pending dispositive motion "is not ordinarily a situation that in and of itself would warrant a stay of discovery." *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997) (quotation omitted). Nor does the fact that "discovery may involve some inconvenience and expense" automatically warrant a stay of discovery. *Id.*

In determining whether to stay discovery, the court considers whether (1) the pending motion is potentially dispositive of the entire case, or at least of the issue on which discovery is sought; and (2) the potentially dispositive motion can be decided without additional discovery. *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 506 (D. Nev. 2013). This analysis requires the court to take a "preliminary peek" at the potentially dispositive motion. *Tradebay*, 278 F.R.D. at 603. This assessment is meant not to prejudge a motion's outcome but, rather, to accomplish the cost- and time-saving objectives of Rule 1 by evaluating the justice of either permitting or delaying discovery. *Id.* A court may stay discovery when it is convinced that the plaintiff will be unable to state a claim for relief. *Turner*, 175 F.R.D. at 555. Ultimately, the party seeking the stay "carries the heavy burden of making a 'strong showing' why discovery should be denied." *Id.* at 556 (quotation omitted).

Here, the court has taken a preliminary peek at Colvin's pending motion to dismiss (ECF No. 79) and is convinced it likely will be granted. Given that the motion to dismiss implicates the validity of service of process and the court's jurisdiction over Colvin, the court finds it would be inefficient to engage in discovery before these threshold jurisdictional issues are resolved. The court in its discretion therefore will stay discovery pending the outcome of the motion to dismiss.

As for Colvin's request for sanctions under the court's inherent authority, the court denies the motion without prejudice. But Hayden is once again advised that although the court will liberally construe his filings given that he is not represented by an attorney, he nevertheless is required to follow the same rules of procedure that govern other litigants. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). Hayden further is advised that under Rule 26(d)(1), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." The court will look with disfavor on any future filings that do not comply with the Federal Rules of Civil Procedure and the court's local rules.

### III. CONCLUSION

IT IS THEREFORE ORDERED that defendant Gerald D. Colvin's motion to stay discovery and for a protective order (ECF Nos. 91, 92) is GRANTED in part and is DENIED in part as stated in this order.

DATED: July 26, 2019

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE