# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| HAYDEN SR., | Case No. 2:18-cv-02403-RFB- DJA |
| Plaintiff, | ORDER |
| v. | |
| COMMERCIAL LITIGATION DOCKET, et al., | |
| Defendants. | |

## I. INTRODUCTION

Before the Court is Defendants' Motion to Dismiss (ECF No. 19).

## II. PROCEDURAL BACKGROUND

The Petition for Removal in this action was filed December 20, 2018. ECF No. 1. The instant Motion to Dismiss was filed on February 6, 2019. ECF No. 19. A hearing on the motion was vacated on August 1, 2019 and the Court took the instant motion, as well as others, under submission. ECF No. 134.

## III. FACTUAL ALLEGATIONS

Plaintiff Steven Mark Hayden filed his complaint in the Eight Judicial District court of Clark County, Nevada on November 7, 2018. Ex. at 5, ECF No. 1-1. Plaintiff's complaint listed five causes of action, including abuse of process, intentional interference in contractual business relations, assault, unjust enrichment, and civil conspiracy. ECF No. 1-1 at 8-11. The Defendants named in the action were the Commercial Litigation Docket (CLD) (an unincorporated association), Bishop Colvin Johnson and Kent LLC, Western Steel Inc. (an Alabama corporation), Maynard, Cooper, and Gale P.C., William B. Cashion, Fred Campbell, James P. Naftel, John D.

Bethay III, Gerald D. Colvin, James L Goyer III, Starr T. Drum, Mike E. Hale, Dianna Hale, Raymond Rogers, Jacqueline Rodgers, Amanda Roy, Joyce White Vance, Patrick E. Kennedy, and Edward Adams. Id. at 1-3. Plaintiff also filed suit against Anne Marie Adams, J. Scott Vowell, Roy Moore, James Allen Main, Alisa Kelli Wise, Gregory Shaw, Lyn Stuart, Thomas Francis Parker, Michael F. Bolin, Tommy Bryan, Julia Weller, Sandra Hall Turner, Robert S. Vance, Houston L. Brown, Jane B. Graffeo, Dottie Parker ("Alabama Judicial Defendants"[1]). Id. After several Voluntary Dismissals, Defendants James P. Naftel, John D. Bethay III, Joyce White Vance, Bishop Colvin Johnson and Kent LLC, Fred Campbell, and Gerald D. Colvin, the United States of America, Maynard, Cooper, and Gale P.C., and several Alabama Judicial Defendants were dismissed from the case.

Plaintiff alleged in his state court complaint that Defendants were involved in a scheme in which the CLD would assign cases to Defendants who would agree to take bribes either directly or through their spouses, that Defendants retaliated against Plaintiff for attempting to "shut down" the CLD, by "seizing" his wife, conspiring to control the assets of the Nevada Trust, of which Plaintiff was a trustee, and conspiring to seize Plaintiff's Medicare income from Nevada without filing garnishment or collection procedures as required by law. ECF No. 1-1 at 3-4.

The United States of America petitioned to remove the case from the Eighth Judicial District Court to this Court on December 20, 2018 on the grounds that the state court complaint named an employee of the US Attorney's Office. ECF No. 1 at 2. The remaining Alabama Judicial Defendants filed the instant Motion to Dismiss on February 6, 2019. ECF No. 19. They are Julia Weller, Anne Marie Adams, and Sandra Hall Turner. They move to dismiss Plaintiff's claims against them for lack of personal jurisdiction and absolute immunity.

### IV. LEGAL STANDARD
#### A. Personal Jurisdiction
A plaintiff bears the burden of establishing personal jurisdiction. Tuazon v. R.J. Reynolds

---

[1] The Alabama Judicial Defendants brought the instant Motion to Dismiss the Petition for Removal (ECF No. 19) and include Mike Graffeo as a movant. The Court notes that Mike Graffeo is not named as a Defendant in this action.

- 2 -

Tobacco Co., 433 F.3d 1163, 1168 (9th Cir. 2006). When, as here, the Court resolves the motion to dismiss based only on written submissions, a plaintiff must make a prima facie showing of facts that would support personal jurisdiction. Id. That is, Plaintiffs "need only demonstrate facts that if true would support jurisdiction." Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir.1995).

To establish that personal jurisdiction over a defendant is proper, a plaintiff must show (1) that the forum state's long-arm statute confers personal jurisdiction and (2) that the exercise of jurisdiction comports with the constitutional principles of due process. Rio Properties, Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1019 (9th Cir.2002). Because Nev. Rev. Stat. section 14.65 permits Nevada courts to exercise jurisdiction to the same extent as the Constitution, this Court need only consider the constitutional principles of due process. Walden v. Fiore, 134 S. Ct. 1115, 1121 (2014).

### V. DISCUSSION

Because the question of personal jurisdiction "goes to the court's power to exercise control over the parties," the Court will resolve this issue before reaching the issue of absolute immunity. Leroy v. Great W. United Corp., 443 U.S. 173, 180 (1979). Defendants argue the Court does not have personal jurisdiction over them because Plaintiff has not met his burden of establishing personal jurisdiction. Defendants assert Plaintiff has not shown Defendants have "continuous and systematic ties with the forum" such that they are subject to general jurisdiction. ECF No. 19 at 6 (citing Tuazon v. R.J. Reynolds Tobacco Co., 433 F.3d 1163, 1171 (9th Cir. 2006). Nor they argue, has Plaintiff alleged the Court has specific jurisdiction over Defendants, because Plaintiff has not alleged Defendants have sufficient minimum contacts with this state such that the assertion of personal jurisdiction would not "offend traditional notions of fair play and substantial justice." Id. (citing Int'l Shoe Co. v. Wash., 326 U.S. 310, 316 (1945)).

Plaintiff's state law complaint asserts Defendants "conspired to control" assets in Nevada over which Plaintiff was trustee and conspired to seize Plaintiff's Medicare income from Nevada. ECF No. 1-1 at 8. Plaintiff's response to the Motion to Dismiss reiterates these conclusory statements and cites to the complaint. See ECF No. 55 at 6-9. The Court finds that Plaintiff has not

met his burden of establishing personal jurisdiction by making "a prima facie showing of facts that would support personal jurisdiction." Tuazon, 433 F.3d at 1168. Plaintiffs allegations are conclusory, and do not indicate how Defendants' minimum contacts with this state are sufficient such that the assertion of personal jurisdiction would not offend constitutional principles of due process. Plaintiff has failed to adequately demonstrate facts that "if true would support jurisdiction." Ballard, 65 F.3d at 1498. Therefore, the Court grants the Motion to Dismiss.

### VI. CONCLUSION

For the reasons stated above,

**IT IS THEREFORE ORDERED** that the Motion to Dismiss (ECF No. 19) is GRANTED as to remaining Defendants Julia Weller, Anne Marie Adams, and Sandra Hall Turner.

DATED: September 27, 2019.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**