UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Steven Mark Hayden Sr.,<br><br>Plaintiff,<br><br>v.<br><br>Commercial Litigation Docket, et al,<br><br>Defendants. | Case No. 2:18-cv-02403-RFB-DJA<br><br>ORDER |

### I.   INTRODUCTION

Before the Court are Defendants William Cashion and Western Steel's Motion for Clarification (ECF No. 145) and Plaintiff's Motion to Vacate the Judgment (ECF No. 149).

### II.   PROCEDURAL BACKGROUND

The Court incorporates by reference the procedural background detailed in its amended order closing this case. ECF No. 140.

### III.   FACTUAL BACKGROUND

The Court incorporates by reference the factual background detailed in its amended order closing this case. ECF No. 140.

### IV.   LEGAL STANDARD

**A.  Motion for Reconsideration**

Rule 59(e) of the Federal Rules of Civil Procedure allows parties to move to alter or amend a judgment within twenty-eight days of entry of the judgment. Fed. R. Civ. P. 59(e). "Whether or not to grant reconsideration is committed to the sound discretion of the court." Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003).

1  However, "a motion for reconsideration should not be granted, absent highly unusual
2  circumstances, unless the district court is presented with newly discovered evidence, committed
3  clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc.
4  v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation and citation
5  omitted). A motion for reconsideration "may not be used to raise arguments or present evidence
6  for the first time when they could reasonably have been raised earlier in the litigation." Id. (internal
7  quotation and citation omitted). Moreover, "[m]otions for reconsideration are disfavored. A
8  movant must not repeat arguments already presented unless (and only to the extent) necessary to
9  explain controlling, intervening law or to argue new facts. A movant who repeats arguments will
10 be subject to appropriate sanctions." LR 59-1.

**B. DISCUSSION**

**A. Defendants' Motion for Clarification/Reconsideration**

Defendants move the Court to clarify its amended order closing the case. Defendants contend that the Court's order did not dispose of Defendants' pending Motion to Dismiss (ECF No. 110) or Motion to Deem Plaintiff a Vexatious Litigant (ECF No. 109) but only applied to the remaining Alabama Judicial Defendants, and seek confirmation from the Court on that score. Alternatively, Defendants move the Court to reconsider its amended order if it indeed dismissed Defendants and their remaining motions, to consider Defendants' vexatious litigant motion.

The Court's order made plain it lacked jurisdiction and dismissed the remaining claims on that basis, stating, "Plaintiff has not stated a clear and concise set of claims pursuant to Rule 8 over which this Court would have jurisdiction," and holding that amendment would be futile and thus further denying Plaintiff's then-pending Motion to Amend (ECF No. 117). ECF No. 140 at 4. It further denied all pending motions without prejudice, consequently denying Defendants' then-pending vexatious litigant motion. Though the Court's order was in response to the remaining Alabama Judicial Defendants' Motion to Dismiss, the plain language of the order indicates it applied to the action and parties at large. The Court sees no basis upon which to grant Defendants' alternative request for reconsideration of the Court's order. As the Court maintained it lacks jurisdiction, it cannot now assert jurisdiction for the limited purpose of addressing Defendants'

- 2 -

vexatious litigant motion. The Court therefore denies the motion.

### B. Plaintiff's Motion to Vacate

Plaintiff moves to vacate the Clerk's Judgment entering judgment in favor of the remaining Alabama Judicial Defendants, arguing that because Plaintiff voluntarily dismissed remaining defendants, the Court had no jurisdiction to instruct the Clerk to enter judgment.

The Court's order dismissing the remaining claims with prejudice, denying all remaining motions without prejudice, and closing the case was issued prior to Plaintiff's voluntary dismissal. Compare ECF No. 140 with ECF No. 141.  As such Plaintiff's subsequent voluntary dismissal of all remaining defendants has no force and Plaintiff's argument that the Clerk's Judgment issued pursuant to the Court's order must therefore be vacated is meritless, and the Court strikes the Notice of Voluntary Dismissal. However, the Court will grant Plaintiff's motion to the limited extent that it amends its prior order solely to dismiss the remaining claims without prejudice. See Missouri ex rel. Koster v. Harris, 847 F.3d 646, 656 (9th Cir. 2017) (citing Freeman v. Oakland Unified Sch. Dist., 179 F.3d 846, 847 (9th Cir. 1999) (order) ("Dismissals for lack of jurisdiction should be without prejudice so that a plaintiff may reassert his claims in a competent court." (internal quotation marks and ellipsis omitted))). The Court clarifies that it does not grant Plaintiff leave to amend but merely amends its order such that Plaintiff "may reassert his claims in a competent court."

//
//
//
//
//
//
//
//
//
//

### C.  CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' Motion for Clarification (ECF No. 145) is **DENIED** as stated in this order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Vacate the Judgment (ECF No. 149) is **DENIED** as stated in this order. Plaintiff's claims are dismissed without prejudice, but Plaintiff is not granted leave to amend.

**IT IS FURTHER ORDERED** that Plaintiff's Notice of Voluntary Dismissal (ECF No. 141) is **STRICKEN**.

DATED August 5th , 2020.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**